**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JUAN MIGUEL ALFARO-ALVARENGA,<br><br>    Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No.   20-72545<br><br>Agency No. A208-154-470<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2021[**]
Pasadena, California

Before:  BERZON, RAWLINSON, Circuit Judges, and ANTOON,[***] District
Judge.

---

[*]This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable John Antoon II, United States District Judge for the Middle
District of Florida, sitting by designation.

Petitioner Juan Miguel Alfaro-Alvarenga (Petitioner), a native and citizen of El Salvador, petitions for review of a decision from the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citations omitted). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id*. (citation omitted).

Petitioner argues that MS-13 gang members targeted him because of his religious beliefs, and because he was seen "as a threat to their recruitment efforts because the church's activities are so antithetical to the gangs [sic] ideologies that youths who join the church group would be discouraged from joining the gang." However, substantial evidence supports the BIA's determination that no harm to Petitioner was inflicted on account of his religion and that gang members made no reference to his religious activities. Although Petitioner testified that his church group would see some "gang members" when recruiting

2

youth in the community, substantial evidence supports the agency's finding that Petitioner failed to establish that the gang members who targeted him connected him to the church youth group. Indeed, Petitioner stated in his Opening Brief that it is "unknown exactly why the MS-13 gang members beat [him]." Thus, substantial evidence supports the BIA's determination that Petitioner established no nexus between the harm suffered and his religious activities. *See Sinha v. Holder*, 564 F.3d 1015, 1018 n.2 (9th Cir. 2009), *as amended* (observing that substantial evidence supports finding of no nexus where "the record contains no evidence suggesting that petitioners' past experiences or future fear bears any relationship to their religion").

Substantial evidence also supports the BIA's denial of Petitioner's claims predicated on political beliefs. Petitioner "was actively recruiting young men to join his youth group" and "voiced opposition" to the gang, in that he "didn't agree with what they were doing." This evidence does not establish that the harm to Petitioner was inflicted on account of a political opinion or that the gang perceived Petitioner as a political threat. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746-47 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092-93 (9th Cir. 2013) (en banc). Nor does it compel a finding that Petitioner possessed a specific political or

ideological opposition to the gang's ideals that the gang members perceived, and which was a reason motivating their harm of Petitioner. *See id*. at 747 ("No evidence suggests that the gang held any sort of belief system that they perceived [Petitioner] to oppose. Without evidence of an actual political opinion or motive in [Petitioner's] or the gang's actions, his claim fails.").

Finally, as Petitioner failed to address the denial of CAT relief in his Opening Brief, that claim is waived. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**PETITION DENIED.**